PATTEN & al. versus HOOD.

The defendant agreed to purchase a cargo of southern pine lumber at a certain price per M., and *pay the freight;* when it was delivered, he refused to pay the freight, and the plaintiffs told him that if he took it he should pay $40, a thousand, unless he paid the freight:—

*Held,* that defendant, by his refusal, repudiated the contract, and by keeping the lumber was chargeable for it at the price fixed by plaintiffs.

But *such demand* would not carry *interest* from the time it was made; *that* could only be cast from the date of the writ.

This was an action of ASSUMPSIT, on an account annexed, as follows:—

| 1854, May 22, To 136,201 feet re-sawed Southern pine lumber, at $40, per M., (for new ship) | $5448,04 |
| Survey at ,25 | 34,05 |
| Interest to Sept. 6, 1854, | 95,97 |
| | $5578,06 |

The writ was dated Sept. 9, 1854.

On the trial, the jury returned a verdict for the sum of $5717,40.

The plaintiffs filed a *remittitur* of $43,00.

Defendant moved to set aside the verdict as against evidence and the weight of evidence.

All the evidence bearing upon the case is set forth in the opinion of the Court, drawn up by

RICE, J.—Motion for a new trial on the ground that the verdict is against evidence.

It appears from the evidence reported, that the parties, anterior to the arrival of the lumber for which the action is brought, had a conversation in which the plaintiffs proposed to furnish the defendant, with a cargo of hard pine lumber for ship building. The price named in the presence of the witness was sixteen dollars per thousand, and freight. The same witness, on cross-examination testified, that the defendant said the price was to be sixteen and nineteen dollars per thousand, and freight. There is no evidence,

that this negotiation was ever reduced to the form of a written contract, nor does it distinctly appear what was the verbal understanding between the parties as to the price to be paid for the lumber. It is manifest, that whatever the price may have been, the defendant was to pay the freight from Savannah.

After the arrival and delivery of the lumber, application was made to the defendant to pay the freight thereon. This he refused to do. Negotiation upon this point terminated by the plaintiffs informing the defendant, "that if he took any of that lumber he must take the whole, and pay forty dollars a thousand for it, unless he paid the freight," and a final refusal on the part of the defendant to pay the freight.

If, from the evidence in the case, it can be inferred, that a contract existed between the parties, as to the price of the lumber, it is also manifest, that a part of that contract was, that the defendant should pay the freight thereon. When the lumber had been delivered the freight was earned, and was then due and payable. This was all that was then demanded of the defendant. He did not contest the correctness of the amount claimed. It was his duty to have paid it. By refusing to do so, he repudiated the contract, if any existed, and made himself chargeable with the value of the lumber received by him. If he had paid that demand, and thus performed his part of the contract, he would have been in a position to have contested the price of the lumber in case the plaintiffs claimed more than they were authorized to receive by the terms of the contract. By refusing to pay freight, he waived that right.

After having been notified by the plaintiffs, that unless he paid the freight, he must pay forty dollars a thousand for the lumber and take the whole, if he took any, and in view of this admonition, having received and used the lumber, he may fairly be deemed to have elected to take it at that price; at all events, he is not in a position to controvert the reasonableness of that charge.

There does not appear to have been any demand of pay-

ment for the lumber before the date of the writ. The demand for the payment of freight, having reference to the existence of a contract, which was repudiated, was not a demand of payment for the lumber without reference to the contract. The plaintiffs are, therefore, not entitled to interest before the date of their writ. Nor do we perceive any ground on which they are entitled to recover the item charged for the survey.

The result is, that the plaintiffs are justly entitled to recover for the amount of lumber delivered, at the rate of forty dollars per thousand, with interest thereon from the date of their writ, and may have judgment for that sum if they elect to remit any excess which is found in the verdict of the jury; if not, the verdict must be set aside and a new trial granted.

*Rand,* for defendant.

*Shepley & Dana,* for plaintiffs.